**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                    (State)

Case number *(If known):* _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Tonopah Solar Energy, LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 0 - 0 4 8 1 3 1 6 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 11 Gabbs Pole Line Road <br> Number    Street | 11 Gabbs Pole Line Road <br> Number    Street |
| | Box 1071 <br> P.O. Box |
| Tonopah           NV       89049 <br> City               State    ZIP Code | Tonopah           NV       89049 <br> City               State    ZIP Code |
| Nye <br> County | **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number    Street <br><br> _____ <br> City               State    ZIP Code |

5. **Debtor's website** (URL)    N/A

---

Debtor   Tonopah Solar Energy, LLC                                    Case number *(if known)* _____
         Name

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| **7.** | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>   2  2  1  1 |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check all that apply:*<br>   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>   ☐ A plan is being filed with this petition.<br>   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☐ No<br>☒ Yes. District  Delaware           When  07/30/2020           Case number  20-11884 (KBO)<br>                                                            MM / DD / YYYY<br>       District  _____   When  _____   Case number  _____<br>                                                            MM / DD / YYYY |

Debtor    Tonopah Solar Energy, LLC                Case number *(if known)*
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes. Debtor _____    Relationship _____
     District _____    When _____
                                         MM / DD / YYYY
     Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
     What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
     Number    Street

_____

_____ _____ _____
City        State        ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Official Form 201                  Voluntary Petition for Non-Individuals Filing for Bankruptcy                  page **3**

Debtor   Tonopah Solar Energy, LLC
         Name                                                    Case number (if known) _____

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/21/2026
             MM / DD / YYYY

X _____     Yale S. Bogen
Signature of authorized representative of debtor    Printed name

Title Chief Restructuring Officer

**18. Signature of attorney**

X _____     Date 01/21/2026
Signature of attorney for debtor                MM / DD / YYYY

Aaron S. Applebaum
Printed name
DLA Piper LLP (US)
Firm name
1201 North Market Street, Suite 2100
Number         Street
Wilmington                                    DE       19801
City                                          State    ZIP Code

302-468-5662                                  aaron.applebaum@us.dlapiper.com
Contact phone                                 Email address

5587                                          DE
Bar number                                    State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

**WRITTEN CONSENT OF THE
BOARD OF MANAGERS OF
TONOPAH SOLAR ENERGY, LLC**

January 21, 2026

The undersigned, constituting all the members of the board of Managers (the "Board") as of the date hereof of Tonopah Solar Energy, LLC, a Delaware limited liability company (the "Company"), do hereby consent, under Section 18-302(d) of the Delaware Limited Liability Company Act (the "DLLCA"), to the adoption of the following resolutions and to the actions authorized thereby, and that such action be taken without a meeting under Section 18-302(d) of the DLLCA.

\* \* \*

**WHEREAS**, the Board has surveyed potential restructuring options for the Company and duly considered presentations by management and the advisors to the Company regarding the Company's assets, liabilities, the liquidity situation and prospects of the Company, among other things, and the impact of the foregoing on the Company's business, prospects, operations, and enterprise value;

**WHEREAS**, the Board has had adequate opportunity to consult with, and ask questions of, management and the Company's advisors and has fully considered each of the strategic and financial alternatives available to the Company;

**WHEREAS**, the Company and Crescent Dunes Finance, Inc. (the "Prepetition Lender") are parties to that certain *Loan Agreement*, dated as of December 18, 2020 (as amended, supplemented, or otherwise modified from time to time, the "Prepetition Loan Agreement"), whereby the Prepetition Lender provided a loan in the aggregate principal amount of $100,000,000 and a line of credit loan in an aggregate principal amount not to exceed $64,000,000;

**WHEREAS**, the obligations of the Company under or in respect of the Prepetition Loan Agreement are secured, inter alia, by that certain *Security Agreement*, dated as of December 18, 2020, by and between the Company and the Prepetition Lender (as may be amended, restated, supplemented or otherwise modified from time to time, the "Security Agreement");

**WHEREAS**, on August 29, 2025, the Company and Prepetition Lender executed that certain *Amendment and Forbearance Agreement* (as amended, supplemented, or otherwise modified from time to time) increasing the line of credit under the Prepetition Loan Agreement to an aggregate principal not to exceed $73,500,000;

**WHEREAS**, on December 16, 2025, the Company entered into that certain *Restructuring Support Agreement* (the "RSA") with the Non-Debtor Group Entities (as such term is defined therein), providing for implementation and consummation of a sale of all or substantially all of its assets, which may be facilitated by commencing a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code");

**WHEREAS**, in light of the Company's financial condition, the Company has engaged in arms'-length, good faith negotiations with the Prepetition Lender for the (i) commitment of postpetition financing under a delayed-draw superpriority senior secured debtor in possession facility in the amount of $10,000,000, on substantially the terms and conditions provided to the Company (the "DIP Facility"); (ii) documentation for the DIP Facility, including the *Senior Secured Superpriority DIP Term Sheet* (the "DIP Term Sheet," and together with the loan documents under the Prepetition Loan Agreement, collectively, the "DIP Loan Documents"); and (iii) arrangements for the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"); and

**WHEREAS**, in the business judgment of the Board, it is desirable and in the best interests of the Company, its creditors, its stakeholders, and other parties in interest to authorize the Company to (i) enter into one or more restructuring transactions (collectively, the "Restructuring Transactions"), including, among other things, a chapter 11 plan and/or a sale of all or substantially all of the Company's assets under the Bankruptcy Code and (ii) file or enter into related pleadings and documents.

**NOW, THEREFORE, IT IS:**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company to authorize the Company to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is further

**RESOLVED**, that the Board hereby ratifies and affirms prior entry into the RSA and authorization to perform the transactions contemplated by the RSA, and that Yale Scott Bogen, or any other duly appointed officer or Manager of the Company, or any other authorized person (or their designees and delegates) of the Company (each, an "Authorized Person" and, collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons each of the Authorized Persons be authorized and empowered, in the name of and on behalf of the Company, to take such actions to execute, deliver, perform, and cause the performance of the RSA and the Company's obligations thereunder; and it is further

**RESOLVED**, that each Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists, motions, certificates, declarations, papers and documents in connection with the Chapter 11 Case, the DIP Facility, and any other agreements, consents, certificates, amendments, assignments, and instruments in connection therewith, and to take any and all action that any one or more deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business or to successfully prosecute the Chapter 11 Case; and it is further

**RESOLVED**, that each Authorized Person is hereby authorized and empowered to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance and implementation of any agreements, certificates, instruments, petitions, motions or other papers or documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including but not limited to, any asset purchase agreement,

2

chapter 11 plan, disclosure statement, and all exhibits and/or ancillary documents related thereto; and it is further

**RESOLVED**, that the Company will obtain benefits from the use of Cash Collateral, and in accordance with section 363(a) of the Bankruptcy Code, the Company will grant certain liens, claims and other entitlements to the Prepetition Lender (collectively, the "Adequate Protection Obligations"), as documented in the DIP Loan Documents and authorized and approved by an interim order and a final order (collectively, the "DIP Orders") to be submitted to the Bankruptcy Court for approval; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Term Sheet and the agreements, instruments, certificates, and other documents executed in connection therewith (collectively, the "DIP Loan Documents"), substantially in the forms circulated to the Authorized Persons, and the Company's execution, delivery, and performance of its obligations under the DIP Loan Documents, including, without limitation, the grant of security interests under the DIP Loan Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Loan Documents, and the transactions contemplated thereby, and the DIP Orders to which the Company shall be subject, and the actions and transactions contemplated thereby, in each case, are hereby authorized and approved in all respects; and each of the Authorized Persons are authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Loan Documents and the Company's obligations thereunder, and to perform under the DIP Orders and cause the Company's performance of its obligations thereunder; and it is further

**RESOLVED**, that each Authorized Person is hereby authorized and directed to ratify the retention of and employ the law firm of DLA Piper LLP (US) ("DLA Piper"), as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of DLA Piper; and it is further

**RESOLVED**, that the Board hereby ratifies and affirms the appointment, retention and employment of Yale Scott Bogen as chief restructuring officer and Development Specialists, Inc. ("DSI") as restructuring advisor to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DSI; and it is further

**RESOLVED**, that each Authorized Person is hereby authorized and directed to ratify the retention of and employ SSG Advisors, LLC ("SSG") as investment banker to assist the Company

3

in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of SSG; and it is further

**RESOLVED**, that each Authorized Person is hereby authorized and directed to ratify the retention of and employ Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each of the Authorized Persons are, with power of delegation, authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

**RESOLVED**, that each Authorized Person is hereby authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each of the Authorized Persons are, with power of delegation, authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that the Company shall be, and hereby is, authorized to file or cause to be filed a motion seeking approval of one or more Restructuring Transactions, subject to such modifications thereto as such Authorized Person may deem necessary or advisable in order to give effect to and carry out the general purposes of such Restructuring Transaction, including seeking the Bankruptcy Court's approval of (i) bidding procedures, a stalking horse purchaser, if any, and the payment of certain fees (including expense reimbursement and breakup fees) to any approved stalking horse purchaser; (ii) a plan of reorganization or liquidation, and associated disclosure statement, to the extent applicable, and all other related documents, and consummate, and perform under, the transactions contemplated therein; and/or (iii) dismissal or closure of the Chapter 11 Case, and execute all related documents as may be reasonably necessary or desirable in the best interests of the Company and its stakeholders; and it is further

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or with one or more other Authorized Persons be, and each of them hereby is, authorized and empowered, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, documents, certificates, materials, and instruments, and to pay all expenses, in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, the taking of such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Company's governing documents, or hereby waives any right to have received such notice; and it is further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, authorized, confirmed, adopted, and ratified in all respects and for all purposes as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

\* \* \*

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of the Company, do hereby consent to the foregoing actions and resolutions effective as of the date first written above and direct that it be filed with the minutes of the proceeding of the Company.

_____
Carlos Javier Royo Ibañez
Title: Manager

_____
Raúl Garcia Diaz
Title: Manager

_____
Ignacio Del Rio Aguiar
Title: Manager

*Thomas Donnelly*
_____
Thomas Donnelly
Title: Manager

_____
Ken Coleman
Title: Manager

Fill in this information to identify the case:

Debtor Name: Tonopah Solar Energy, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**     12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Crescent Dunes Finance, Inc.<br>11 Gabbs Pole Line Road, Box 1071<br>Tonopah, NV 89049 | NAME: Raul Garcia Diaz<br>PHONE: +34 91 703 81 48<br>EMAIL: rgarciad@dragados.com | Lender | | $173,000,000.00 | Unknown | Unknown |
| 2 | Bureau of Land Management<br>1553 South Main Street<br>P.O. Box 911<br>Tonopah, NV 89049 | NAME: Perry B. Wickham<br>PHONE: (775) 482-7800<br>EMAIL: blm_nv_bmdowebmail@blm.gov | Lease Obligations | Unliquidated | Unknown | $13,192,019.00 | Unknown |
| 3 | CMB Infrastructure Investment Group IX, LP, *et al.*<br>7819 42nd Street West<br>Rock Island, IL 61201 | NAME: John Poulos, Esq.<br>PHONE: (916) 564-5400<br>EMAIL: john.poulos@lewisbrisbois.com | Litigation | Contingent<br>Unliquidated<br>Disputed | Unknown | $6,000,000.00 | Unknown |
| 4 | | NAME:<br>PHONE:<br>EMAIL: | | | | | |
| 5 | | NAME:<br>PHONE:<br>EMAIL: | | | | | |
| 6 | | NAME:<br>PHONE:<br>EMAIL: | | | | | |
| 7 | | NAME:<br>PHONE:<br>EMAIL: | | | | | |

**Fill in this information to identify the case and this filing::**

Debtor 1  Tonopah Solar Energy, LLC

United States Bankruptcy Court for the: _____    District of  Delaware
(State)

Case number *(if known)* _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/21/2026            ✗  /s/ Yale S. Bogen
MM/DD/YYYY                           Signature of individual signing on behalf of debtor

                                     Yale S. Bogen
                                     Printed name

                                     Chief Restructuring Officer
                                     Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TONOPAH SOLAR ENERGY, LLC,<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 26-_____ (___) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Under Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Tonopah Solar Energy, LLC, the debtor and debtor in possession in the above-captioned case, hereby states it is 100% owned by non-debtor Crescent Dunes Investment, LLC (with an address of 11 Gabbs Pole Line Road, Tonopah, Nevada 89049).

Fill in this information to identify the case and this filing:

Debtor Name _____Tonopah Solar Energy, LLC_____

United States Bankruptcy Court for the: _____District of Delaware_____
                                                                (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ *Other document that requires a declaration*  Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/21/2026
              MM / DD / YYYY

/s/ Yale S. Bogen
Signature of individual signing on behalf of debtor

Yale S. Bogen
Printed name

Chief Restructuring Officer
Position or relationship to debtor