

**DLA Piper LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801
www.dlapiper.com

Aaron S. Applebaum
Aaron.Applebaum@us.dlapiper.com
T 302 468 5662

May 29, 2026

*Via ECF*

The Hon. J. Kate Stickles
United States Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, DE 19801

**Re:** ***In re Tonopah Solar Energy, LLC*, Case No. 26-10060 (JKS)**

Dear Judge Stickles:

On behalf of the Debtor, I write to request relief from the Court due to CMB's[1] failure to comply with its discovery obligations.

As required by the scheduling order that was both agreed to by the parties and approved by the Court [D.I. 283] (the "Scheduling Order"), the parties have met and conferred, but were unable to resolve the issue. CMB willfully has ignored deadlines set by the Court in the Scheduling Order as well as its obligations in responding to discovery requests. CMB's failure to timely respond to requests for admissions renders continued litigation pointless; CMB is deemed to have admitted that its allegations are not well-founded and, thus, its litigation was brought in bad faith. Alternatively, if its deemed admissions are somehow not fatal, then CMB's complete refusal to respond substantively to discovery unfairly prejudices the Debtor in preparing for a contested hearing. CMB should be compelled to withdraw the Trustee Motion[2] and amend its proofs of claim or, in the alternative, to provide appropriate discovery and be sanctioned. Any suggestion that the Debtor has not complied with its own obligations is nothing more than an attempt to mask CMB's repeated decision to ignore deadlines and disregard process.

## I.  Background

The Scheduling Order required both parties to serve written discovery by May 4 in connection with the Trustee Motion, the Claim Objection,[3] and plan confirmation. The Debtor timely served requests for document production, admissions and interrogatories on CMB regarding the Claim

---

[1] CMB Infrastructure Group IX, LP, CMB Infrastructure Group XI, LP, and CMB Export, LLC (collectively, "CMB").

[2] *Amended Motion for Appointment of Chapter 11 Trustee Filed by CMB Export, LLC, CMB Infrastructure Investment Group IX, LP, CMB Infrastructure Investment Group XI, LP* [D.I. 221] (the "Trustee Motion").

[3] *Debtor's First (Substantive) Omnibus Objection to Proofs of Claim Filed by CMB Infra. Investment Group IX, LP; CMB Infra. Investment Group XI, LP; and CMB Export, LLC* [D.I. 231] (the "Claim Objection").



May 29, 2026
Page Two

Objection and the Trustee Motion on May 4.[4]  CMB did not serve any discovery requests on the Debtor regarding the Trustee Motion, Claim Objection or plan confirmation issues by May 4 or after, nor did CMB request an extension of that deadline.

Under the Scheduling Order, CMB's responses to the Debtor's discovery requests were due by 4:00 p.m. on May 18.  CMB did not timely respond, did not request an extension, and did not provide a reason for missing the deadline. The Debtor sent CMB a deficiency letter on May 19.[5] The Debtor requested responses to the document requests and interrogatories, and explained that under Rule 36 and Bankruptcy Rule 7036, CMB's failure to timely respond to the requests for admission is a deemed admission of each such request.  Given CMB's deemed admission that it has no evidence to support its allegations, the Debtor demanded that CMB withdraw the Trustee Motion. After receiving the letter, CMB belatedly served responses on May 19,[6] without acknowledging its violation of the Scheduling Order, the Debtor's letter, the lateness of its responses, or that the requests for admission were already deemed admitted.  What is more, the responses are devoid of substance.  CMB refused to agree to produce a single document in support of any of its allegations or to respond to many of the Debtor's interrogatories, other than to repeatedly recite a handful of generally non-responsive statements.

Following its review of these deficient responses, the Debtor sent CMB another letter, on May 21,[7] reiterating the futility of CMB's prosecution of the Trustee Motion in the face of its deemed admissions and why CMB's responses to the document requests and interrogatories were insufficient. The parties met and conferred on May 22, as required by the Scheduling Order, and CMB agreed to respond substantively to the Debtor's letters on May 26.  CMB also agreed that if its response did not resolve the issues, then the Debtor had met its obligations under the Scheduling Order and could seek relief from the Court.

CMB sent the Debtor two letters on May 26, neither of which attempts to cure *any* of the deficiencies addressed in the Debtor's letters.[8] CMB still refuses to provide verified interrogatory responses, does not agree to produce *any* responsive documents, and maintains that its repetitive interrogatory responses are sufficient.  Moreover, for the first time, CMB tries to mask its own misconduct by falsely accusing the Debtor of failing to respond to discovery, despite that the only written discovery requests that CMB ever served on the Debtor related to the prior settlement motion, which has since been resolved.  Those discovery requests were served on April 1, a week

---

[4] Copies of the Debtor's requests are enclosed as **Exhibit A**.

[5] A copy of the May 19 letter is enclosed as **Exhibit B**.

[6] Copies of CMB's discovery responses served on May 19 are enclosed as **Exhibit C**.

[7] A copy of the May 21 letter is enclosed as **Exhibit D**.

[8] Copies of CMB's May 26 letters are enclosed as **Exhibit E**.  The Debtor's response, sent today, is enclosed as **Exhibit F**.



May 29, 2026
Page Three

before CMB even filed the Trustee Motion, and the Debtor responded to them on April 22, before the parties submitted the Scheduling Order.  In all the intervening time, CMB never once suggested that the ***Debtor's*** responses to those requests were deficient, and only does so now after it ignored the deadlines in the Scheduling Order, including the May 4 deadline to serve written discovery requests related to the Trustee Motion, Claim Objection and plan confirmation.  After having willfully ignored court-ordered deadlines to issue discovery requests, CMB decided to fabricate an argument related to prior, unrelated discovery, and to blame the Debtor for allegedly inadequate responses more than a month after receiving them. The Court should not countenance such blatant disregard for deadlines and process, particularly given the impending hearing and the support of the Debtor's key stakeholders for the matters scheduled to be heard that day.[9]

CMB's refusal to provide actual responses to interrogatories or document requests constitutes a tacit admission that CMB lacks any evidence to support its claims, and that it pleaded such allegations in bad faith. By its deemed admissions, CMB has conceded that: (a) the Special Committee was independent and conducted a thorough investigation, (b) CMB lacks standing to assert claims on behalf of the estate and third parties, (c) there are no fraudulent transfers or preferences that can be clawed back, (d) the Debtor's estate does not have any valuable claims against insiders, and (e) there has been no fraud, dishonesty, incompetence or gross mismanagement of the Debtor that would support the appointment of a chapter 11 trustee.  In light of these admissions, the Trustee Motion must be withdrawn and CMB's proofs of claim amended consistent with the Claim Objection.  Further litigation on these issues is futile and wasteful.

**II.    CMB's responses to document requests are deficient.**

CMB improperly refuses to produce ***any*** documents to substantiate its claims and allegations in the Trustee Motion or its proofs of claim.

CMB contends that responsive documents on which it intends to rely are in the Debtor's possession, custody and control, but fails to identify any such documents.  *See* Trustee RFP responses 1 & 2[10]; Claim RFP responses 1-3, 6-16.  The Debtor disputes that such documents exist, let alone that it has them.  CMB further refuses to identify any documents it intends to use at the hearing, notwithstanding the requirements of Rule 26(3) and Bankruptcy Rules 7026 and 9014. *See* Trustee RFP response 4; Claim RFP response 19.

---

[9] CMB similarly cannot now seek to recharacterize its April discovery requests as a Rule 2004 examination.  The requests were served shortly after CMB objected to the settlement motion, and CMB did not follow any of the procedures in Local Rule 2004-1. CMB also never took issue with any of the Debtor's responses and objections to those requests, which expressly treated them as being served as contested matter discovery in connection with the then-pending settlement motion.

[10] Requests related to the Trustee Motion and Claim Objection are cited as "Trustee RFP" and "Claim RFP," respectively.



May 29, 2026
Page Four

### III.     CMB's responses to interrogatories are deficient.

As a threshold matter, CMB's interrogatory responses are not verified under Rule 33(b)(3) and Bankruptcy Rules 7033 and 9014, and are accordingly legally invalid.

Further, CMB's interrogatory responses fail to respond to questions asking for basic facts supporting CMB's unparticularized allegations. Twenty-one of CMB's responses simply repeat the exact same paragraph comparing projections from the 2020 liquidation analysis with the sale price achieved in this case. *See* Claim ROG responses 2-4, 10-14, 16-18; Trustee ROG responses 15, 17-20, 22-26.[11]  This identical paragraph fails to respond to the specific, unique questions posed by these interrogatories, and either reflects CMB's evasiveness or that CMB has no actual evidence to support any of its claims (or both).  CMB should be compelled to either answer each interrogatory or admit that it lacked any basis to make these allegations in the first place.

CMB's interrogatory responses also fail to identify any facts supporting CMB's apparent position that the Special Committee's investigation was somehow inappropriate.   Ten interrogatory responses vaguely criticize the Special Committee investigation as "too narrow," for not investigating "potential direct and derivative claims related to CMB's claims against the Debtor, claims belonging to the United Sates against the Debtor, and potential fraudulent transfer claims," yet CMB repeatedly refuses to provide any detail as to what those alleged claims actually are, that the Debtor had any notice of such claims, or that such claims even exist. *See* Claim ROG responses 2-4, 17-18; Trustee ROG responses 9, 23-26.  At most, CMB continues baselessly to conflate its own alleged "direct" claims with those of the Debtor's estate, yet fails to provide any rationale as to how such purported direct claims are possibly relevant to any issue before this Court.

CMB also wrongly refuses to respond to interrogatories on the vague assertion that it is still "conducting its investigation." Claim ROG responses 5-18; Trustee ROG responses 1-23.  Putting aside that CMB's failure to serve any discovery on the Debtor suggests that there is no such investigation, or at least not one undertaken in good faith, the fact that discovery is contemplated does not absolve CMB of its obligation to have had a good faith basis to make allegations when it filed its pleadings and proofs of claim in the first place.  CMB alleged fraud, fraudulent transfers, mismanagement, and general cause for the appointment of a chapter 11 trustee.  These pleadings were all signed by counsel under penalty of Rule 11.  CMB's strategy is to shoot first and ask questions later, apparently hoping to use discovery to determine *whether* it has claims in the first place. *See Miller v. Am. Cap., Ltd. (In re Newstarcom Holdings, Inc.)*, 514 B.R. 394, 400 (Bankr. D. Del. 2014) (denying motion to compel and citing *McLaughlin v. Copeland*, 455 F.Supp. 749, 753 (D. Del. 1978), *aff'd*, 595 F.2d 1213 (3d Cir. 1979) for the proposition that a party is not entitled to discovery to determine *whether* there may be a factual basis for a claim not yet made).

---

[11] Interrogatories related to the Trustee Motion and Claim Objection are cited as "Trustee ROG" and "Claim ROG," respectively.



May 29, 2026
Page Five

At a minimum, CMB is required to identify all facts and evidence that it relied on in making these serious allegations in the first place, or admit the obvious: that it had none and made these allegations without any legal or factual basis.

**IV.     CMB must withdraw and amend its pleadings or cure deficient responses.**

The Debtor respectfully requests that the Court compel CMB to do the following to avoid further prejudicing the Debtor:

- *First*, due to the deemed admissions, immediately withdraw the Trustee Motion.

- *Second*, due to the deemed admissions, amend its proofs of claim to remove all claims other than those pending in arbitration and withdraw its opposition to the Claim Objection.

- *Third*, meaningfully respond to the Debtor's document requests, and agree to produce all responsive documents (by the May 29 deadline in the Scheduling Order) in its possession, or else admit that it has no responsive documents.  For responses referring to a document in the Debtor's possession, CMB must identify with particularity the responsive documents that are in the Debtor's possession, including by providing the (1) names or titles of the documents, (2) dates or approximate dates of the documents, (3) all custodians of potentially relevant documents; and (4) an overview of the substance of the documents. If CMB cannot produce responsive documents or cannot identify documents with particularity, then CMB should be deemed  to admit it has no responsive documents.

- *Fourth*, cure its defective interrogatory responses by meaningfully responding to all interrogatories. If CMB does not have any facts to support its own allegations that are addressed in a particular interrogatory, it should be compelled to say so.  CMB should also not be permitted to object on the basis of an alleged "continuing investigation." CMB must also appropriately verify the revised interrogatory responses.

The Debtor respectfully requests that the Court award appropriate sanctions, including the Debtor's reasonable attorneys' fees and costs, under Rule 37 and Bankruptcy Rule 7037.

Respectfully submitted,

 */s/  Aaron S. Applebaum*
Aaron S. Applebaum

Encl.